# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| JOSEPH ROGER RUDD, | ) | |
| | ) | Civil Action No. 1:14-CV-03125-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's unopposed Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). (ECF No. 30.) Plaintiff brought this action seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On August 5, 2015, this court ordered the Commissioner's decision be reversed and remanded to the Commissioner for further administrative proceedings. (ECF No. 25.) In a September 15, 2015 Order, the court approved an Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,500.00, based on a Joint Stipulation of the parties. (ECF No. 29.) That sum will be refunded to Plaintiff by Plaintiff's counsel according to the terms of his Attorney-Client Contract with his counsel. (*See* ECF No. 30-2.)

On remand, and after a new hearing, the Commissioner issued a Notice of Decision– Fully Favorable on March 15, 2016, finding Plaintiff had been disabled since December 5, 2011, through the date of the decision, and was entitled to benefits, retroactive to that date and continuing. On June 1, 2016, Defendant issued a Notice of Award awarding Plaintiff retroactive benefits for a total of $64,552.80. The Notice also indicated that the sum of $15,438.75 was withheld from Plaintiff's past-due benefits for the payment of attorney's fees. The sum of

$6,000.00 was paid to Plaintiff's attorney and the balance of $9,438.75 was held, pending court approval. (*See* ECF No. 30-2 at 3-4.)

Plaintiff has received retroactive benefits due to counsel's successful pursuit of his appeals. Subsequently, Plaintiff's counsel filed the instant Motion on June 16, 2016, seeking approval of attorney's fees for 32.25 hours certified by Plaintiff's attorney for court proceedings. The court notes that the attorney certified that he expended an additional 37.25 hours in agency proceedings, (*see* ECF No. 30-4), which is a factor considered in determining the reasonableness of the fee sought to be approved. *See Mudd v. Barnhart*, 418 F.3d 424, 425 (4th Cir. 2005).

The amount sought by Plaintiff's counsel is derived from $15,438.75, which is 25 percent of the $64,552.80 total past-due benefits awarded to Plaintiff. After a credit for $6,000.00 previously paid after the issuance of the Favorable Decision, the amount Plaintiff's counsel seeks to be paid from Plaintiff's past-due benefits is $9,438.75. Plaintiff's counsel requested that $5,500.00 be disbursed to Plaintiff and the balance of $3,938.75 be disbursed to him. The Commissioner filed her response indicating that she has no objection to the fees sought, but noting that when both EAJA and 406(b) fees are awarded, Plaintiff's attorney, not the Commissioner, refunds the smaller amount to the claimant. (ECF No. 31.)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness when the agreed-upon fee does not exceed the statutory ceiling of 25 percent.

3

Having reviewed the record and the time expended in the judicial proceedings, the court finds that the amount sought is a reasonable and just fee to be paid to Plaintiff's counsel for his services before the court. *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002).

Based on the amount sought and agreed to without objection from the Commissioner, the court hereby **GRANTS** the Motion for Attorney's Fees, (ECF No. 30), and the Commissioner shall pay from Plaintiff's withheld benefits the amount of $9,438.75 to Plaintiff's attorney for his services in this case. It is further ordered that Plaintiff's attorney shall refund the amount of $5,500.00 to Plaintiff upon receipt of payment from the Commissioner. This amount provides a refund to Plaintiff of the EAJA award amount. *See Gisbrecht*, 535 U.S. at 796 (noting that the amount of successful claimant's past-due-benefit award will be increased by the EAJA award up to the point of receiving 100 percent of past-due benefits.)

**IT IS SO ORDERED.**

United States District Judge

June 30, 2016
Columbia, South Carolina